IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-04-2584 |
| | § | |
| VERIZON WIRELESS, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 22). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

BACKGROUND

Stephen Robinson ("Robinson") became an employee of Verizon Wireless ("Verizon") on June 30, 2000. During the course of his employment at Verizon, Robinson worked in the technical support call center answering customer calls. Starting in December 2001, Verizon became concerned with Robinson's employment performance and began "coaching" him on areas requiring improvement. In April 2002, Verizon issued Robinson a verbal warning informing him that his performance was below what was expected of Verizon employees. In June 2002, Verizon changed Robinson's work area from a cubicle with three walls and one open wall to an open work area with no walls. On June 13, 2002,

Robinson's physician wrote a letter to Verizon informing the company that Robinson was being treated for Attention Deficit Disorder ("ADD") and that he would "perform better if he is allowed to work in a self-contained area (i.e. cubicle) instead of an 'open concept' room." Verizon asserts that, upon receipt of this letter, it moved Robinson to a quieter area of the call center. After moving him to a quieter area, Verizon issued 2 warnings to Robinson in July 2002. In August 2002, Verizon issued Robinson a final written warning based on his poor work performance.

On August 12, 2002, Verizon, at Robinson's request, placed Robinson on short term disability because of his ADD. On November 1, 2002, while still on leave, Robinson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In his charge he alleges Verizon subjected him to disrimination in violation of the Americans with Disabilities Act ("ADA") by failing to provide him with a reaonable accomodation. Robinson's complaints seem to stem from Verizon's failure to provide Robinson with a cubicle, which he alleges he needed in order to return to work. The EEOC issued Robinson a right to sue letter on March 31, 2003.

Robinson ultimately returned to work on February 7, 2003, and after multiple warnings related to his employment performance, was terminated by Verizon on March 24, 2004.[1] On July 1, 2004, Robinson, proceeding *pro se*, filed a complaint in the captioned

---

[1] Robinson never filed a second charge of discrimination with the EEOC after Verizon terminated his employment.

matter alleging Verizon discriminated against him in violation of the ADA. On October 10, 2005, Verizon moved for summary judgment on Robinson's claims. Although his response was due on October 31, 2005, Robinson failed to respond to the motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Initially, the movant bears the burden of demonstrating to the Court that there is an absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the party who bears the burden of proof on the claims on which summary judgment is sought to present evidence beyond the pleadings to show there is a genuine issue for trial. *Id*. A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Rule 56(e) requires the party against whom a summary judgment motion is made to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Absent such a response, a properly supported motion for summary judgment should be granted. *Eversly v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Failure to respond

will be taken as a representation of no opposition. S. D. TEX. LOCAL R. 7.4. However, the mere fact that no opposition is filed does not excuse the moving party from meeting its burden on the summary judgment motion. *E.g.*, *John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985). Thus, the Court will determine whether Defendant has met its burden for summary judgment.

## LAW AND ANALYSIS

Robinson's complaint provides "I believe I have been subjected to discrimination due to my disability, in violation of the Americans With disabilities Act (sic). Therefore, Under Title I of the ADA, I may file a lawsuit in federal court for violation of Title I of the ADA after I received a 'right to sue letter' from the EEOC." Title I of the ADA provides that an employer cannot discriminate against a "qualified individual with a disability because of the disability of such individual with regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.§ 12112(a) (2000); *See Burch v. Coca-Cola Co.*, 119 F.3d 305, 320 (5th Cir. 1997). Although Robinson's exact allegations are unclear, based on the record before the Court, the Court concludes Robinson's claims stem from either his termination or Verizon's failure to make reasonable accommodations, or both.[2] Thus, the Court must analyze both potential claims.

---

[2] Robinson attaches multiple documents to his complaint. The first is a copy of his EEOC charge of discrimination, dated November 1, 2002, wherein he complains Verizon failed to provide him reasonable accommodation. He also attaches a document from the

4

**Timeliness**

Verizon argues summary judgment should be granted because Robinson failed to timely and properly exhaust his administrative remedies with the EEOC. The charge filing provision in 42 U.S.C. § 2000e-5(e)(1) "specifies with precision" the prerequisites a plaintiff must perform before bringing suit. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). In states that have entities with authority to grant or seek relief with respect to the alleged unlawful practice, an individual must file a charge within 300 days of the challenged discrimination. *Id.; Frank v. Xerox Corp.,* 347 F.3d 130, 136 (5th Cir. 2003). Failure to file an EEOC charge within this period will result in subsequent legal action being time barred under the statute. *Morgan,* 536 U.S. at 109. As the Supreme Court noted in *Morgan,* "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180-or 300-day time period after the discrete discriminatory act occurred." *Id.* at 113. Indeed, the complained of practice must occur before the filing of the EEOC charge, not after. *See id.*

Robinson filed his EEOC charge of discrimination on November 1, 2002, and Verizon

---

Texas Workforce Commission Appeal Tribunal dated June 3, 2004. The document appears to indicate that Verizon filed an appeal of some sort on May 5, 2004, however, neither party addresses such appeal or how it relates to the instant lawsuit. Finally, Robinson attaches to his complaint a "Dismissal/Notice of Right to Sue Receipt," which Robinson signed on April 8, 2004. The document acknowledges Robinson's receipt of his right to sue letter.

did not terminate Robinson's employment until March 24, 2004.[3] Accordingly, Robinson's complaints in the EEOC charge necessarily do not relate to his termination. Therefore, the termination constitutes a discrete act for which Robinson would be required to file an additional EEOC charge, which he failed to do. *See id.* Because Robinson failed to seek or exhaust his administrative remedies with regard to his termination, he failed to satisfy the condition precedent to filing suit. *See Cruce v. Brazoport Indep. Sch. Dist.,* 703 F.2d 862, 863 (5th Cir. 1983). Accordingly, the Court grants summary judgment with regard to any claim asserting termination in violation of the ADA.

**Discrimination Claim**

The only remaining viable claim that Robinson ostensibly asserts in the instant case relates to the grievances for which he filed his EEOC charge. In the EEOC charge, Robinson avers Verizon discriminated against him because of his ADD in violation of the ADA. To establish a prima facie case under the ADA, Robinson must demonstrate that he is a qualified individual with a disability and that a negative employment action occurred because of his disability. *Sherrod v. American Airlines, Inc.,* 132 F.3d 1112, 1118 (5th Cir. 1998) (citing 42 U.S.C. § 12112(a)). Robinson must first demonstrate that he has a

---

[3]Verizon argues that Robinson's claim stemming from his EEOC charge is barred by the statute of limitations because he failed to file the instant action within 90 days of receiving the right to sue letter. However, the Court must reject this argument because Robinson acknowledged receipt of his right to sue letter on April 8, 2004. Whether or not he received a copy of the letter prior to this date is an issue not addressed by the parties. Therefore, the Court cannot grant summary judgment based on the statute of limitations with regard to Robinson's accommodation claim.

disability protected under the ADA. *Talk v. Delta Airlines, Inc.,* 165 F.3d 1021, 1024 (5th Cir. 1999). He must further present evidence that his impairment substantially limits a major life activity. *Sherrod,* 132 F.3d at 119 (citing 42 U.S.C. § 12112(2)(A)). Here, Robinson appears to allege that his ADD limited his ability to work in an open work environment. However, "[e]vidence of disqualification from a single position or a narrow range of jobs will not support a finding that an individual is substantially limited from the major life activity of working." *Talk,* 165 F.3d at 1025. Thus, Robinson's inability to work in an open environment does not, as a matter of law, qualify as a disability under the ADA.[4] *See id.* Moreover, Robinson's failure to respond to the motion for summary judgment leaves the Court with no other evidence upon which it could determine that his ADD constitutes a disability within the meaning of the ADA. Accordingly, the Court grants summary judgment in favor of Verizon on Robinson's remaining claim. Given the foregoing the Court hereby

ORDERS that Defendant's Motion for Summary Judgment (Document No. 22) is GRANTED.

---

[4] The Court notes that this rationale would also require summary judgment on Robinson's apparent termination claim previously dismissed by the court.

SIGNED at Houston, Texas, on this 14th day of December, 2005.

_____
DAVID HITTNER
United States District Judge